FILED
2026 Sep-03 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

DOCUMENT 2

ELECTRONICALLY FILED
6/8/2026 1:28 PM
68-CV-2026-900514.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, BESSEMER DIVISION, ALABAMA**

**VALERIA ATCHISON,**

**PLAINTIFF,**

**v.** **Case No. CV-2026-___________**

**LOWE'S HOME CENTERS, LLC d/b/a LOWE'S d/b/a LOWE'S HOME IMPROVEMENT.; Fictitious Defendant number 1-10, intending thereby to designate those persons or entities who were operating a business under the name of "Lowes" located in Bessemer, Alabama at 1201 19th Street N, on or about June 17, 2024; Fictitious Defendants numbers 11-20, intending thereby to designate those persons or entities who were the owners, lessors, lessees, or holders of any interest in the premises and/or business where plaintiff was injured on or about June 17, 2024; Fictitious Defendants numbers 21-30, intending thereby to designate those persons or entities who negligently and/or wantonly caused or allowed dangerous practices, conduct, and conditions at the Lowes premises located in Bessemer, Alabama, on or about June 17, 2024; Fictitious Defendants numbers 31-40, intending thereby to designate those persons or entities for whom the named defendants and/or other persons involved in the acts described herein, including Fictitious Defendant 1-10, were acting as the agents, servants, employees, joint venturers and/or partners with respect to the negligence and/or wantonness which injured plaintiff Valeria Atchison; Fictitious Defendants numbers 41-50, intending thereby to designate those persons or entities who caused and/or contributed to the presence of dangerous practices or conditions near where plaintiff was injured on or about June 17, 2024; Fictitious Defendants numbers 51-60, intending thereby to designate those persons or entities who served as manager at the Lowes located in Bessemer, Alabama, on or about June17, 2024; Fictitious Defendants numbers 61-70, intending thereby to designate those persons or entities who were supposed to have arranged for the identification of and/or removal of and/or correction of dangerous practices and/or conditions, at the Lowes store located in Bessemer, Alabama, on or about June 17, 2024; Fictitious Defendants numbers 71-80 intending thereby to designate the managers and/or employees of Lowes and/or other entities responsible for safety of the location who were present and/or responsible for practices and/or conditions at this store on June 17, 2024; Fictitious Defendants numbers 81-90, intending thereby to designate those persons or entities who had possession of the Lowes store premises in Bessemer, Alabama on June 17, 2024; Fictitious Defendants numbers 91-100, intending thereby to designate those persons or entities who on June 17, 2024 owned, leased, possessed, and/or were responsible for the wood (or other object) which struck plaintiff on that date; Fictitious Defendants numbers 101-110, intending thereby to designate those persons or entities who inspected and/or were supposed to inspect the premises and/or practices, fixtures, instrumentalities, conditions and/or activities at the Bessemer, Alabama Lowes store premises on or before June 17, 2024; Fictitious Defendants numbers 111-120, intending thereby to designate those persons or entities who on or about June 17, 2024 were responsible for the wood that injured plaintiff; Fictitious Defendants numbers 121-130, intending thereby to designate those persons or entities who caused the aforedescribed wood or other object to become unsafe prior to its striking plaintiff; Fictitious Defendants numbers 131-140, intending thereby to designate**

EXHIBIT 1

**those persons or entities who voluntarily undertook to prevent injuries and/or occurrences such as that in which plaintiff was injured on or about June 17, 2024; Fictitious Defendants numbers 141-150, intending thereby to designate those persons or entities who were supposed to have prevented injuries to plaintiff or persons similarly situated; Fictitious Defendants numbers 151-160 intending thereby to designate those persons or entities who failed to adequately train the employees of Lowes, and/or the persons who were using the wood and/or were responsible for the practices and/or conditions at the Bessemer, Alabama Lowes store which were unsafe, on or prior to June 17, 2024; Fictitious Defendants numbers 161-170, intending thereby to designate the persons who were, on and before June 17, 2024, the managers of and/or who had responsibilities for supervision over the operations, practices, activities, and conditions at the Lowes store in Bessemer, Alabama, as employees of Lowes and/or some other entity, including other Fictitious Defendants; Fictitious Defendants numbers 171-180, intending thereby to designate the persons who had responsibilities to see that conditions, activities, and operations within the Bessemer, Alabama Lowes store on and before June 17, 2024, were reasonably safe and complied with applicable requirements and or standards; Fictitious Defendants numbers 181-190, intending thereby to designate those persons who had responsibilities relating to safety within the Lowes store in Bessemer, Alabama on or before June 17, 2024, as employees of Lowes or some other entity, including other Fictitious Defendants; Fictitious Defendants numbers 191-200, intending thereby to designate those persons who had moved and/or caused to be moved the wood (or other object) which on June 17, 2024, struck Plaintiff; Fictitious Defendants numbers 201-210, intending thereby to designate the persons who should have, but failed to properly train, and/or supervise the employees of Lowes and/or other persons who were responsible for the wood (or other object) which struck plaintiff; Fictitious Defendants numbers 211-220, intending thereby to describe successors to and/or personal representatives of the estate of, and/or the estate of, the persons, companies, or entities who are the named defendants, and/or such persons, companies and/or entities who committed and/or were responsible for the acts that caused injuries to plaintiff described herein; all of whose names are unknown at present but will be substituted by amendment when ascertained.**

**DEFENDANTS.**

## COMPLAINT

## COUNT ONE

1. Plaintiff, Valeria Atchison, is a resident of Shelby County, Alabama, and over the age of nineteen years.

2. Defendant Lowes Inc. (sometimes called "Lowes") is a business organization doing business in the State of Alabama and who conducts business in Jefferson County, Bessemer division, Alabama.

3. On or about June 17, 2024 plaintiff, Valeria Atchison, was an invitee shopping at the Lowes store, located in Bessemer, Jefferson County, Alabama. On that occasion, a Lowes employee, who is believed to be an Alabama resident, whose name is currently unknown to plaintiff but is referred to as Fictitious Defendant 1, acting within the line and scope of his or her employment, negligently and/or wantonly stacked or put wood on a pile of wood that fell on plaintiff's head, causing her to become injured, as described below. Defendants Lowes and/or fictitious defendants further negligently and/or wantonly caused or allowed dangerous practices, activities, and/or conditions.

5. Defendants, named and fictitious, were negligent and/or wanton in that they (a) had actual and/or constructive notice of the dangerous practices, activities, and/or conditions that injured plaintiff Valeria Atchison; (b) had the dangerous practices, activities, and/or conditions on and as part of their premises and instrumentalities; (c) were delinquent in discovering and inspecting for and removing hazards; (d) affirmatively acted so as to create dangerous practices and/or conditions including but not limited to the stacking and/ or placement of wood or other object and/or causing and/or permitting it to become unsafe and/or causing and/or permitting it to strike plaintiff; and/or (e) failed to warn of dangerous conditions; (f) failed to reasonably act with respect to voluntarily undertaken duties; and (g) failed to properly train and/or supervise persons so as to prevent these unsafe conditions and/or unsafe acts as described elsewhere in this Complaint.

6. This conduct by defendants, named and fictitious, also constituted prima facie negligence, prima facie wantonness, negligence per se and/or wantonness per se.

7. Fictitious Defendants are responsible for the conduct of the named defendants and/or other negligent persons by reason of respondeat superior and/or their agent/principal status and/or successor status and/or other relationships. Fictitious Defendants numbers 211-220 are the

successors and/or estates of the named defendants and/or the other persons or entities who are legally responsible for the damages of plaintiff or who are responsible for the damages of plaintiff by reason of their successor and/or estate capacity.

8. As a proximate consequence of this negligence and wantonness, plaintiff Valeria Atchison sustained serious and permanent injuries, incurred hospital, doctor and medical expenses, past and future, past physical pain and mental anguish, and will in the future incur physical pain and mental anguish; aggravation of pre-existing conditions and other and further injuries and damages.

**WHEREFORE** plaintiff demands judgment against named and fictitious defendants for compensatory and punitive damages in such amount to be determined by the trier of fact, and costs.

**COUNT TWO**

9. Plaintiff incorporates by reference the allegations of Count One.

10. Fictitious Defendants, 1 are those persons who were responsible for the wood (or other object) which on June 17, 2024, struck Plaintiff.

11. Fictitious Defendants numbers 2-10 are those persons or entities who were operating a business under the name of "Lowes" located in Bessemer, Alabama, on or about June 17, 2024.

12. Fictitious Defendants numbers 11-20 are those persons or entities who were the owners, lessors, lessees, or holders of any interest in the premises and/or business where plaintiff was injured and/or the wood which struck plaintiff on or about June 17, 2024.

13. Fictitious Defendants numbers 21-30 are those persons or entities who negligently and/or wantonly caused or allowed dangerous practices, conduct, and conditions at the Lowes premises located in Bessemer, Alabama, on or about June 17, 2024.

14. Fictitious Defendants numbers 31-40 are those persons or entities for whom the named defendants and/or other persons involved in the acts described herein, including Fictitious Defendant 1, were acting as the agents, servants, employees, joint venturers and/or partners with respect to the negligence and/or wantonness which injured plaintiff Valeria Atchison.

15. Fictitious Defendants numbers 41-50 are those persons or entities who caused and/or contributed to the presence of dangerous practices or conditions near where plaintiff was injured on or about June 17, 2024.

16. Fictitious Defendants numbers 51-60 are those persons or entities who served as manager at the Lowes located in Bessemer, Alabama, on or about June 17, 2024.

17. Fictitious Defendants numbers 61-70 are those persons or entities who were supposed to have arranged for the identification of and/or removal of and/or correction of dangerous practices and/or conditions, at the Lowes store located in Bessemer, Alabama, on or about June 17, 2024.

18. Fictitious Defendants numbers 71-80 are the managers and/or employees of Lowes and/or other entities responsible for safety of the location who were present and/or responsible for practices and/or conditions at this store on June 17, 2024.

19. Fictitious Defendants numbers 81-90 are those persons or entities who had possession of the Lowes store premises in Bessemer, Alabama on June 17, 2024.

20. Fictitious Defendants numbers 91-100 are those persons or entities who on June 17, 2024 owned, leased, possessed, and/or were responsible for the wood (or other object) which struck plaintiff on that date.

21. Fictitious Defendants numbers 101-110 are those persons or entities who inspected and/or were supposed to inspect the premises and/or practices, fixtures, instrumentalities, conditions and/or activities at the Bessemer, Alabama Lowes store premises on or before June 17, 2024.

22. Fictitious Defendants numbers 111-120 are those persons or entities who on or about June 17, 2024 were responsible for the wood or other object that injured plaintiff.

23. Fictitious Defendants numbers 121-130 are those persons or entities who caused the aforedescribed wood or other object to become unsafe prior to its striking plaintiff.

24. Fictitious Defendants numbers 131-140 are those persons or entities who voluntarily undertook to prevent injuries and/or occurrences such as that in which plaintiff was injured on or about June 17, 2024.

25. Fictitious Defendants numbers 141-150 are those persons or entities who were supposed to have prevented injuries to plaintiff or persons similarly situated.

26. Fictitious Defendants numbers 151-160 are those persons or entities who failed to adequately train the employees of Lowes, and/or the persons who were using the plank and/or were responsible for the practices and/or conditions at the Bessemer, Alabama Lowes store which were unsafe, on or prior to June 17, 2024.

27. Fictitious Defendants numbers 161-170 are the persons who were, on and before June 17, 2024, the managers of and/or who had responsibilities for supervision over the operations, practices, activities, and conditions at the Lowes store in Bessemer, Alabama, as employees of Lowes and/or some other entity, including other Fictitious Defendants.

28. Fictitious Defendants numbers 171-180 are the persons who had responsibilities to see that conditions, activities, and operations within the Bessemer, Alabama Lowes store on and before June 17, 2024, were reasonably safe and complied with applicable requirements and or standards.

29. Fictitious Defendants numbers 181-190 are those persons who had responsibilities relating to safety within the Lowes store in Bessemer, Alabama on or before June 17, 2024, as employees of Lowes or some other entity, including other Fictitious Defendants.

30. Fictitious Defendants numbers 191-200 are those persons who had moved and/or caused to be moved the wood (or other object) which on June 17, 2024, struck Plaintiff.

31. Fictitious Defendants numbers 201-210 are the persons who should have, but failed to properly train, and/or supervise the employees of Lowes and/or other persons who were responsible for the plank (or other object) which struck plaintiff.

32. Fictitious Defendants numbers 211-220 are the successors to and/or personal representatives of the estate of, and/or the estate of, the persons, companies, or entities who are the named defendants, and/or such persons, companies and/or entities who committed and/or were responsible for the acts that caused injuries to plaintiff described herein; all of whose names are unknown at present but will be substituted by amendment when ascertained.

33. Some of the Fictitious Defendants as described in this Count Two are, on information and belief, residents of Alabama.

34. Defendants, named and fictitious, were negligent and/or wanton in that they (a) had actual and/or constructive notice of the dangerous practices, activities, and/or conditions that injured plaintiff Valeria Atchison (b) had the dangerous practices, activities, and/or conditions on and as part of their premises and instrumentalities; (c) were delinquent in discovering and inspecting for and removing hazards; (d) affirmatively acted so as to create dangerous practices and/or conditions including but not limited to the moving of a plank or other object and/or causing and/or permitting it to become unsafe and/or causing and/or permitting it to strike plaintiff; and/or (e) failed to warn of dangerous conditions; (f) failed to reasonably act with respect to voluntarily undertaken duties; and (g) failed to properly train and/or supervise persons so as to prevent these unsafe conditions and/or unsafe acts as described elsewhere in this Complaint.

35. As a proximate consequence of this negligence and wantonness, plaintiff Valeria Atchison sustained serious and permanent injuries, incurred hospital, doctor and medical expenses, past and future, past physical pain and mental anguish, and will in the future incur physical pain and mental anguish; aggravation of pre-existing conditions and other and further injuries and damages.

**WHEREFORE** plaintiff demands judgment against named and fictitious defendants for compensatory and punitive damages in such amount to be determined by the trier of fact, and costs.

/s/ DONALD D. KNOWLTON
DONALD D. KNOWLTON(KNO017)
Attorney for Plaintiff
State Bar #: ASB-4153-K66D
Email: don@alalawyers.net

/s/ CARSON S. CAMPBELL
CARSON S. CAMPBELL(CAM096)
Attorney for Plaintiff
State Bar #: ASB0224F75Q
Email: carsoncampbell@alalawyers.net

OF COUNSEL FOR PLAINTIFF:

**CUSIMANO, ROBERTS, MILLS & KNOWLTON, LLC**
153 South 9th Street
Gadsden, Alabama 35901
P (256) 543-0400
F (256) 543-0488
mike@alalawyers.net
don@alalawyers.net

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

DOCUMENT 3

AlaFile E-Notice

68-CV-2026-900514.00

To: DONALD D. KNOWLTON
don@alalawyers.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

VALERIA ATCHISON V. LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES
68-CV-2026-900514.00

The following complaint was FILED on 6/8/2026 1:28:18 PM

Notice Date: 6/8/2026 1:28:18 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 3

AlaFile E-Notice

68-CV-2026-900514.00

To: LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES C
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

VALERIA ATCHISON V. LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES
68-CV-2026-900514.00

The following complaint was FILED on 6/8/2026 1:28:18 PM

Notice Date: 6/8/2026 1:28:18 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2026-900514.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA**
**VALERIA ATCHISON V. LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES**

**NOTICE TO:** LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES COMPANY INC, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DONALD D. KNOWLTON ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 153 South 9th Street, Gadsden, AL 35901 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of VALERIA ATCHISON *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

06/08/2026 *(Date)* /s/ KAREN DUNN BURKS *(Signature of Clerk)* By: ____________ *(Name)*

☑ Certified Mail is hereby requested. /s/ DONALD D. KNOWLTON *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ____________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

DOCUMENT 6

UNIFIED JUDICIAL SYSTEM
STATE OF ALABAMA

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
VALERIA ATCHISON V. LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES

68-CV-2026-900514.00

To: CLERK BESSEMER
clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $11.02

Parties to be served by Certified Mail - Return Receipt Requested

LOWE'S HOME CENTERS, LLC C/O CORPORATION SERVICES C
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

Postage: $11.02

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

9589 0710 5270 3936 0760 54

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$ 5.30

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy) $ 4.40
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$ 1.32

Total Postage and Fees
$ 11.02

Postmark Here
SdC
CV-26-900514

Sent To
Lowe's Home Centers, LLC c/o Corp Serv
Street and Apt. No., or PO Box No.
641 South Lawrence Street
City, State, ZIP+4®
Montgomery, AL 36104

PS Form 3800, January 2023 See Reverse for Instructions

20260429092466

Cusimano
Roberts
Mills
&
Knowlton
LLC

Attorneys at Law
153 South 9th Street
Gadsden,AL 35901
Phone(256)543-0400
Fax (256) 543-0488
www.alabamatortlaw.com

Gregory S. Cusimano
Michael L. Roberts
Emily Hawk Mills
Donald D. Knowlton
Carson Campbell
Larry H. Kenner
1944-2022

April 22, 2026

**Via E-Mail**
KJ McDaniel
Kj.mcdaniel@lowes.com

| | | |
|---|---|---|
| **Re:** | **Our Client:** | **Valeria Atchison** |
| | **DOL:** | **June 17, 2024** |
| | **Claim #:** | **4A2406JJHFX0001** |

Ms. McDaniel:

As you know, our office represents Valeria Atchison for the significant injuries she sustained when a board fell from an upper shelf at Lowe's and struck her in the head on June 17, 2024. This incident was entirely preventable and occurred due to the failure to maintain a safe environment for customers.

Immediately following the incident, Ms. Atchison was evaluated by EMS on scene, reporting dizziness and headache after being struck in the head by a 2x4. She then presented to the emergency department at Grandview, where she was diagnosed with a head injury, a 3.5 cm laceration to the left posterior scalp requiring repair, and associated right hand trauma. This was not a minor incident. It was a direct blow to the head with sufficient force to cause immediate symptoms and objective injury. Photos of the injury are attached for your review.

In the weeks that followed, Ms. Atchison's condition progressed well beyond an acute head injury and into a complex neurological presentation. By August 2024, when she began treatment with Southern Injury Medicine, she was reporting persistent headaches at the site of impact, brain fog, and a significant decline in cognitive functioning. She described memory loss, including the loss of what she previously considered a strong or photographic memory, impaired problem solving, and difficulty communicating her thoughts due to word finding issues. She also reported fatigue, sleep disruption, blurred vision, decreased hand eye coordination, and worsening symptoms with prolonged computer use.

Her symptoms extended into vestibular and neurological dysfunction. She experienced ongoing dizziness and balance impairment, both of which were confirmed on examination with abnormal forward and backward balance testing. She also developed sensitivity to light and noise, visual disturbances that worsened throughout the day, and coordination issues that interfered with her ability to perform routine work tasks.

Ms. Atchison also experienced significant fatigue and sleep disturbance following the incident. She reported difficulty staying asleep, frequently waking in the early morning hours and being unable to return to sleep. She required daily naps

20260429092466

20260429092466

Cusimano
Roberts
Mills
&
Knowlton
LLC

Attorneys at Law
153 South 9th Street
Gadsden, AL 35901
Phone (256) 543-0400
Fax (256) 543-0488
www.alabamatortlaw.com

Gregory S. Cusimano
Michael L. Roberts
Emily Hawk Mills
Donald D. Knowlton
Carson Campbell
Larry H. Kenner
1944-2022

due to both mental and physical exhaustion. In addition, she experienced emotional and psychological changes that were entirely new following this incident, including irritability, increased emotional responses, and a panic attack shortly after the injury. She also reported intermittent difficulty swallowing and increased gastrointestinal symptoms, further supporting neurological involvement.

Her treating providers diagnosed her with **traumatic brain injury, post concussive syndrome, post traumatic headaches, cervical strain, and cervical facet syndrome**. Over time, her symptoms persisted despite ongoing care, including neurocognitive testing and various therapeutic modalities. Objective findings consistently supported her complaints, including documented abnormalities in balance, cognition, and neurological functioning.

As her condition failed to resolve, Ms. Atchison required more advanced and specialized care. She has been receiving extensive treatment through UAB with multiple providers, including neurology, vestibular therapy, and cognitive therapy. Most recently, she completed approximately twelve weeks of eye therapy to address persistent visual disturbances and deficits in coordination and processing. This level of multidisciplinary treatment is consistent with a significant and ongoing brain injury rather than a routine or mild concussion.

Despite this extensive treatment, Ms. Atchison continues to experience chronic headaches, cognitive impairment, visual disturbances, and fatigue. Her symptoms are exacerbated by normal daily activities, particularly work involving computer use. She has reported a measurable decline in her productivity and ability to function at the level she maintained prior to this incident. Even activities she once enjoyed, including scuba diving, have been negatively impacted, as she noted changes in her breathing patterns and tolerance following the injury.

Although some symptoms have shown partial improvement, her providers continue to document persistent cognitive and neurological deficits well beyond the expected recovery period. Her post concussive syndrome has become prolonged and appears chronic in nature. These are not temporary symptoms. They represent a lasting injury that continues to affect her daily life.

At this time, it is important to note that we are still in the process of obtaining additional medical records, including more recent treatment as well as records from providers referenced within the existing documentation. As such, this demand is based on the records currently available, and Ms. Atchison's damages will likely increase as her ongoing care is fully documented and evaluated.

This was not a minor incident with a quick recovery. This was a traumatic brain injury with lasting physical, cognitive, and emotional consequences. Ms. Atchison has endured significant pain, disruption to her daily life, and ongoing limitations that she did not have prior to this incident, all due to a preventable hazard within your store.

20260429092466

Cusimano
Roberts
Mills
&
Knowlton
LLC

Attorneys at Law
153 South 9th Street
Gadsden,AL 35901
Phone(256)543-0400
Fax (256) 543-0488
www.alabamatortlaw.com

Gregory S. Cusimano
Michael L. Roberts
Emily Hawk Mills
Donald D. Knowlton
Carson Campbell
Larry H. Kenner
1944-2022

Given the nature of the incident, the objective medical findings, the diagnosis of traumatic brain injury with chronic post concussive syndrome, and the significant and ongoing impact on her quality of life and functional capacity, we hereby make a demand in the amount of **$500,000.00** to resolve this claim.

As you are aware, the statute of limitations runs on June 17, 2026. While we are willing to resolve this matter quickly and without litigation, we must proceed with filing a complaint by June 1, 2026, if a resolution is not reached. We therefore request your prompt response to this demand.

Yours very truly,

*Donald Knowlton*

Donald D. Knowlton

*Carson S. Campbell*

Carson S. Campbell

CUSIMANO, ROBERTS, MILLS & KNOWLTON, LLC
CarsonCampbell@alalawyers.net

2026042909246

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, BESSEMER DIVISION, ALABAMA**

| | | |
|---|---|---|
| VALERIA ATCHISON, , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 68-CV-2026-900514 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING NOTICE OF REMOVAL**

Please take notice that on September 3, 2026, Defendant Lowe's Home Centers, LLC, filed a Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of the Notice of Removal is attached as Exhibit 1.

Dated: September 3, 2026

Respectfully submitted,

/s/ William L. Waudby
William L. Waudby (WAU001)
*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

Of Counsel:

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 Urban Center Drive, Ste. 450
Birmingham, AL 35242
Telephone: 205-709-8990
bill.waudby@wilsonelser.com

EXHIBIT 3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing has been furnished upon the parties of record either by filing electronically with the Clerk of Court or by United States Mail, properly addressed and first-class postage prepaid, as follows:

*/s/ William L. Waudby*
OF COUNSEL